| | |
|---|---|
| Joshua B. Swigart (SBN 225557) <br> Josh@SwigartLawGroup.com <br> **SWIGART LAW GROUP, APC** <br> 2221 Camino del Rio S, Ste 308 <br> San Diego, CA  92108 <br> P: 866-219-3343 | Daniel G. Shay (SBN 250548) <br> DanielShay@TCPAFDCPA.com <br> **LAW OFFICE OF DANIEL G. SHAY** <br> 2221 Camino del Rio S, Ste 308 <br> San Diego, CA  92108 <br> P: 619-222-7429 |

*Attorneys for Plaintiff
and the Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJ GLENON, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CASE NO:   **'22CV2061 GPC DEB** <br><br> <u>CLASS ACTION</u> <br><br> COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: <br><br> THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIV CODE § 56 ET SEQ. <br><br> JURY TRIAL DEMANDED |

1

Class Action Complaint

# INTRODUCTION

1. DJ Glenon ("Plaintiff"), individually and on behalf of all other similarly situated consumers ("Class Members"), brings this action for damages and injunctive relief against Abbott Laboratories ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for violations of the Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56 et seq in relation to the unauthorized disclosure of Plaintiff's and Class Members' medical information.

2. The California Legislature passed the CMIA to protect the privacy of medical patients in California. The CMIA is very clear in its prohibition against disclosure of medical information without consent. In addition to other relevant sections, the CMIA states;

> "A provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization…"
> Cal. Civ. Code § 56.10(a)

> And

> "Every provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein."
> Cal. Civ. Code § 56.101(a)

3. This case stems from Defendant's unauthorized sharing of Plaintiff's and Class Members' medical information with hundreds of other people without consent.

4. Plaintiff brings this action for violations of the CMIA which provides for statutory damages of $1,000 per violation pursuant to Cal. Civ Code § 56.36(b)(1) and any actual damages under Cal Civ Code § 56.36(b)(2).

///

2
Class Action Complaint

## PARTIES

5. Plaintiff is a natural person and resident of the State of California and the County of San Diego.

6. Defendant is an Illinois entity with its principal place of business located in Illinois.

7. At all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

## JURISDICTION & VENUE

8. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and all Class Members are citizens of California and Defendant is a citizen of Illinois. Defendant is an entity that was formed in Illinois and its principal place of business is in Illinois.

9. Defendant conducts business in the State of California thus personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendant conducted business within this judicial district at all times relevant.

## FACTS

11. Defendant incorporated in 1900 and its "principal business is the discovery, development, manufacture, and sale of a broad and diversified line of health care products."[1]

12. Defendant "has four reportable segments: Established Pharmaceutical Products, Diagnostic Products, Nutritional Products, and Medical Devices."[2]

///
///
///

---

[1] https://www.sec.gov/ix?doc=/Archives/edgar/data/1800/000110465922025141/abt-20211231x10k.htm
[2] https://www.sec.gov/ix?doc=/Archives/edgar/data/1800/000110465922025141/abt-20211231x10k.htm

13. Defendant's sales team works closely with doctors, hospitals and medical groups encouraging them to recommend and prescribe Defendant's pharmaceutical products, medical devices, etc.

14. Plaintiff and Class Members are patients of one of the medical groups ("Medical Group") that works with Defendant.

15. In October of 2022, the Medical Group sent Defendant a patient list for joint marketing purposes.

16. On October 10, 2022, an agent of Defendant sent an email to the patients on the list including Plaintiff and all Class Members.

17. The email contained information such as medical conditions, treatments, systems, devices, therapies, doctor names, Medical Group name, studies, results and Defendant's contact information.

18. Defendant sent the email to Plaintiff and hundreds of Class Members. The email showed their names, email addresses and status as patients of the Medical Group.

19. Plaintiff believes Defendant sent the same or similar emails to other groups of Class Members besides his group of around 375.

20. On December 7, 2022, the Medical Group sent Plaintiff and Class Members a Notice of Data Breach Letter.

21. Plaintiff was surprised that the Medical Group disclosed his information to Defendant, but he was even more shocked, upset and embarrassed that Defendant disclosed his medical information to hundreds of strangers.

22. Plaintiff and Class Members reasonably expected that Defendant would never share their medical information without their authorization as required by Cal. Civ. Code § 56.10(a).

///

///

///

///

4

Class Action Complaint

## STANDING

23. Defendant's conduct constituted an invasion of privacy since it disregarded statutorily protected privacy rights, in violation of the CMIA.

24. Defendant caused Plaintiff and Class Members to (1) suffer invasions of legally protected interests. (2) The invasions were concrete because the injuries actually existed and continue to exist now that their medical information has been disseminated. The privacy invasions suffered by them were real and not abstract. Plaintiff and Class Members have a statutory right to be free from invasions of privacy. Their injuries were not divorced from concrete harm since privacy has long been protected in the form of trespassing laws and the Fourth Amendment of the U.S. Constitution for example.  Like here, an unreasonable search under the Fourth Amendment  may not cause actual physical injury, but is considered serious harm, nonetheless. (3) The injuries here were particularized because they affected Plaintiff and Class Members in personal and individual ways. The injuries were individualized rather than collective since their unique medical information was shared without authorization. (4) Defendant's past invasion was actual and future invasions are probable if Defendant is not held accountable. A favorable decision by this court would redress the injuries of Plaintiff and each Class Member.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and members of a proposed Class under F.R.C.P. 23.

26. Plaintiff proposes the following Class consisting of and defined as follows:

> All persons in California who were sent a letter on behalf of the Medical Group entitled Notice of Data Breach, dated on or about December 7, 2022.

27. Excluded from each Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned

and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiff reserves the right to redefine each Class and to add subclasses as appropriate based on discovery and specific theories of liability.

28. **Numerosity**: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The email Plaintiff received had about 375 Class Members on it. Plaintiff believes Defendant may have sent the same or similar email to hundreds of other Class Members. It is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

29. **Commonality**: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including:
    - Whether Defendant is a "pharmaceutical company" or other type of defendant regulated by the CMIA
    - Whether Plaintiff and Class Members are "Patients" under the CMIA;
    - Whether Defendant's email acted to "disclose" Class Members' information.
    - Whether the information Defendant disclosed is "medical information" under the CMIA;
    - Whether Defendant had "authorization" to disclose the medical information.
    - Whether Defendant "creates, maintains, preserves" or "stores" medical information.
    - Whether Defendant "preserves the confidentiality of the information."

///

- Whether Defendant had policies and procedures to prevent disclosure of Class Members' medical information without authorization;
- Whether Defendant's disclosure of Class Members' medical information constitutes violations of Cal. Civ. Code § 56.10(a) or Cal. Civ. Code § 56.101(a);

30. **Typicality**: The claims of Plaintiff are typical of the claims of all other Class Members. The claims of the Plaintiff and Class Members are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and to Class Members.

31. **Adequacy**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are well versed in the rules governing class action discovery, certification, and settlement. In addition, Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. The proposed class counsel is experienced in handling claims involving consumer actions and violations of the CMIA. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member. Plaintiff and proposed class counsel are prepared for that burden.

32. **Predominance**: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of each Class. The elements of the legal claims brought by Plaintiff and Class Members are

capable of proof at trial through evidence that is common to each Class rather than individual to its members.

33. **Superiority**: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   a. Class-wide damages are essential to induce Defendant to comply with California law.

   b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

   c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

   d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

   e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

   f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

34. The Class should also be certified because:

   - The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

   - The prosecution of separate actions by individual Class Members

would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendant has acted, or refused to act, on grounds generally applicable to each Class, thereby making appropriate final and injunctive relief with respect to the members of each Class as a whole.

35. This suit seeks only statutory damages and injunctive relief on behalf of Class Members and is not intended to request any recovery for personal injury claims.

36. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through (1) the email Defendant sent Plaintiff and Class Members (2) the Medical Group's list of patients to whom it sent the Notice of Data Breach letter and (3) Defendant's records.

## CAUSE OF ACTION

## VIOLATION OF THE Confidentiality of Medical Information Act
## CAL. CIV. CODE § 56 ET SEQ.

37. Defendant is a provider of health care, contractor, or other recipient of personal and confidential medical information as defined and set forth in the CMIA, Cal. Civ. Code § 56, et seq and maintained and continues to maintain "medical information" within the meaning of Cal Civ. Code § 56.05(j) of "patients" within the meaning of Cal. Civ. Code § 56.05(k). Defendant is subject to the requirements and mandates of the CMIA, including but not limited to Cal. Civ. Code §§ 56.10, 56.101 and 56.36.

38. Defendant came into possession of Plaintiff's and Class Members' personally identifiable medical information, including their names, email addresses, status as patients of the Medical Group, examples of their medical conditions,

treatments such as systems, devices, therapies, their doctor names, the Medical Group name, Defendant's studies, results of treatments and Defendant's contact information. Defendant had a duty to exercise reasonable care in preserving the confidentiality of this information.

39. Plaintiffs and the Class Members are "patients" of Defendant within the meaning of Cal. Civ. Code § 56.05(k) and are "endanger" within the meaning of Cal. Civ. Code § 56.05(e) because they fear that disclosure of their medical information could subject them to harassment or abuse. Furthermore, Plaintiff and Class Members, had their individually identifiable "medical information," under Cal. Civ. Code § 56.05(j), created, maintained, preserved, and stored on Defendant's computer network, and in the email accounts of Defendant's employee(s).

40. Under Cal. Civ. Code § 56.101 of the CMIA, Defendant was required to create, maintain, preserve, store, abandon, destroy, or dispose of Plaintiffs' and Class members' medical information in a manner that preserved the confidentiality of the medical information.

41. Defendant was also required to obtain Plaintiff's and Class Members' authorizations prior to disclosing their medical information.

42. Defendant negligently created, maintained, preserved, and stored Plaintiff's and Class Members' individual identifiable "medical information," within the meaning of Cal Civ. Code § 56.05(j), including Plaintiff's and Class Members' health information, patient information, health status, on Defendant's computer network, and in the email account(s) of Defendant's employee(s) in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of medical information of Plaintiff and Class Members in its possession against disclosure or release, including but not limited to, by failing to conduct and require adequate employee education and training, failing to adequately review and revise information security, failing to have adequate information security, and failing to have

adequate privacy policies and procedures in place, as required by the CMIA, under Cal. Civ. Code §§ 56.10(a), 56.101(a), 56.101(b)(1)(A) and 56.36(e)(2)(E).

43. Defendant unlawfully failed to maintain and preserve the confidentiality of Plaintiff's and Class Members' medical information and negligently created, maintained, persevered, stored, abandoned, destroyed, or disposed of Plaintiff's and Class Members' medical information, allowing unauthorized persons to access or view it, constituting a disclosure in violation of Cal. Civ. Code § 56.10 or a release in violation of Cal. Civ Code § 56.101.

44. As a direct and proximate result of Defendant's violations of the CMIA, Plaintiff and Class Members have been injured and seek nominal damages of $1,000 for each violation under Cal. Civ. Code §56.36(b)(1) and any actual damages under Cal. Civ. Code § 56.36(b)(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and Class Members, prays for an Order:

- Certifying the Class;
- Appointing Plaintiff to serve as the Representative of the Class;
- Appointing Plaintiff's counsel as Class Counsel;
- Declaring that Defendant violated Cal. Civ Code § 56.10;
- Declaring that Defendant violated Cal. Civ Code § 56.101;
- Granting an award of statutory or nominal damages in the amount of $1,000 per violation to Plaintiff and each Class Member pursuant to Cal. Civ. Code § 56.36(b)(1) and any actual damages pursuant to Cal. Civ. Code § 56.36(b)(2);
- Granting an award of costs under Cal. Civ. Code § 56.35;
- Awarding reimbursement, restitution, and disgorgement;
- Awarding attorneys' fees pursuant to Cal. Civ. Code § 56.35 or Cal. Civ. Code § 1021.5;
- Awarding pre- and post-judgment interest and;

- Awarding such other or further relief the Court may deem appropriate.

**TRIAL BY JURY**

45. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP**

Date: December 22, 2022

By: *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorneys for Plaintiff

**LAW OFFICE OF DANIEL G. SHAY**

Date: December 22, 2022

By: *s/ Daniel Shay*
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com
Attorney for Plaintiff